# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAWN A. WOLGAST,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, [1] Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:18-cv-01840-DJA<br><br>**ORDER** |

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Dawn A. Wolgast's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 16), filed on February 7, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 20-21), filed on April 10, 2019. Plaintiff filed a Reply (ECF No. 22) on April 30, 2019.

**I. BACKGROUND**

  **1. Procedural History**

On June 30, 2015, Plaintiff applied for disability insurance benefits, alleging an onset date of May 31, 2014. AR[2] 291-94. Plaintiff's claim was denied initially, and on reconsideration. AR 216-20 and 222-26. A hearing was held before an Administrative Law Judge ("ALJ") on October 2, 2017. AR 94-122. On April 3, 2018, the ALJ issued a decision denying Plaintiff's claim. AR 19-39. The ALJ's decision became the Commissioner's final decision when the

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

Appeals Council finally denied review, on September 28, 2018. AR 1-4. On September 21, 2018 Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 23-38. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of May 31, 2014 through the date last insured of September 30, 2016. AR 23. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of fibromyalgia, sarcoidosis, spinal degenerative disc disease, and obesity as a secondary factor under SSR 02-1p. *Id.* at 24. She found all other impairments including alleged asthma, headaches affecting vision, scoliosis, sleep disturbance, history of breast mass, left kidney stones, history of remote bilateral knee surgeries, history of remote shoulder surgery, depression, and Von Wollebrand impairment as non-severe. *Id*. The ALJ assessed the paragraph B criteria as no more than mild limitation. AR 26-28.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 29. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that she could lift and carry no more than 10 pounds frequently and twenty pounds occasionally, sit for six hours cumulatively in an eight hour workday, stand/walk for four hours cumulative in an eight hour work day, occasionally climb stairs/ramps, balance, stoop, kneel, crouch, crawl, and reach overhead bilaterally, could not climb ladders, ropes or scaffolds, and avoid all exposure to pulmonary irritants and hazards. *Id.* at 30. The ALJ found that Plaintiff is capable of performing her past relevant work as a telephone operator and data entry clerk as the positions are generally performed, but not as actually performed. *Id.* at 38. This work does not require the performance of work-related activities precluded by the claimant's RFC. *Id*. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from May 31, 2014, through the date last insured of September 30, 2016. *Id*.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

    **a. Whether the ALJ Properly Considered Plaintiff's Subjective Testimony**

Plaintiff contends that the ALJ failed to give clear and convincing reasons for rejecting her subjective testimony. (ECF No. 16). Specifically, she contends that the ALJ merely summarized some of the objective medical evidence and reviewed her activities of daily living

after which she improperly discounted Plaintiff's testimony due to a conservative course of treatment and lack of support from the medical records. (ECF No. 16, 5-13). The Commissioner responds that the ALJ had three reasons for not fully crediting Plaintiff's testimony including (1) the lack of corroborating objective medical evidence, (2) her conservative treatment history, and (3) admitted capacity to engage in a range of activities of daily living. (ECF No. 20, 10-17). Plaintiff replies that the diagnosis of fibromyalgia does not rely on objective records so her symptom testimony should not have been rejected based on the objective evidence or treatment regimen. (ECF No. 22).

While an ALJ must consider a plaintiff's representations about her symptoms and limitations, her statements about her "pain or other symptoms will not alone establish that" she is disabled. 20 C.F.R. § 404.1529(a). In fact, an "ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, the ALJ must state why the testimony is unpersuasive and point to what testimony or evidence undermines the claimant's testimony. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding).

The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Moreover, the Court notes that SSR 16-3 clarified that ALJ no longer has to make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence. If "evidence

can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's. *Robbins*, 466 F.3d at 882.

Here, the ALJ considered the contrary objective medical evidence to Plaintiff's subjective claims. Although the Court understands the nature of fibromyalgia, it does not find that it can second-guess the ALJ's reasoning for discounting Plaintiff's testimony under these circumstances because she properly utilized the medical evidence as a relevant factor in the severity assessment. Plaintiff's examinations showed normal strength, normal gait, and normal range of motion without muscle atrophy. AR 37. The ALJ found that as an overview of the entire relevant period at issue, Plaintiff was provided with conservative measures to address her subjective complaints. *Id.* The Court is not persuaded that the ALJ was mistaken in utilizing the conservative treatment regimen as a relevant factor in light of a few periods of more aggressive treatment. Additionally, the ALJ noted scans during the relevant adjudicatory period detected only mild abnormalities. AR 33. Thus, the medical treatment in the record conflict with Plaintiff's claim of disabling level pain and symptoms. *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (pain complaints properly rejected where the ALJ "reasonably noted" evidence that pain had come under control).

Further, the ALJ highlighted the fact that there was no medical opinion evidence from an objective treating or examining physician that supported Plaintiff's allegation that her limitations were disabling prior to her insured status expired. AR 37. As such, the medical opinion evidence supports the ALJ's finding that Plaintiff's testimony is inconsistent with the overall record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (medical source reports support the ALJ's determination).

Moreover, the ALJ highlighted Plaintiff's inconsistent statements that undermined the credibility of her claims. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct."); *see also Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly found claimant "demonstrated better abilities than he acknowledged in his written statements and testimony"). For example, she highlighted that her allegation that she was in a disabling level of pain is inconsistent with the record that she took care of her mother, shopped

for groceries, drove a car, managed finances, etc. AR 20-30.  Plaintiff's allegation that the ALJ should have further developed the record with respect to Plaintiff's ability to care for her mother is not persuasive.  It does not appear as though this part of the record was inadequate to prevent the ALJ from properly evaluating Plaintiff's subjective testimony.  After a careful review of the ALJ's evaluation of Plaintiff's alleged limitations and pain and other symptoms, the Court finds that she complied with SR 16-3 and the Ninth Circuit standard such that it may not substitute its judgment for that of the ALJ's.  *See Burch*, 400 F.3d at 679.  Therefore, the Court concludes that the ALJ's decision is supported by substantial evidence and free from reversible legal error.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 16) is **denied**.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 20) is **granted**.

DATED: February 6, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE